**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

_____X
In re:                                :
                                      :
Sokuntheary Vann,                     :     Chapter 7
                                      :     Case No.: 13-51364
        Debtor.                       :
_____X
Michael S. Lustgarten,                :
                                      :
        Plaintiff,                    :
                                      :
        v.                            :     Adv. Pro. No.: 13-5045
                                      :
Sokuntheary Vann,                     :
                                      :
        Defendant.                    :
_____X

Appearances:

Michael S. Lustgarden              :     Plaintiff, *Pro Se*
715 Tremont St., Apt. 509          :
Boston, MA 02118                   :

David G. Volman, Esq.              :     For Defendant/Debtor
One Trap Falls Rd., Ste 901        :
Shelton, CT 06484                  :

**MEMORANDUM OF DECISION**

The plaintiff seeks a determination that a debt owed to a law firm he retained is excepted from the defendant/debtor's discharge. For the reasons that follow, judgment shall enter in favor of the plaintiff.

**Background**

The defendant commenced this chapter 7 case on August 29, 2013. On September 23, 2013, the plaintiff, *pro se,* filed a two-paragraph adversary proceeding, seeking a determination that a debt for legal services owed to Sally & Fitch (hereafter, "Legal Fees") is non-dischargeable under 11 U.S.C. § 523(a)(15). (ECF No. 1 ("Complaint"); *see also* ECF No. 5, Adversary Proceeding Cover Sheet.)

Paragraph 1 of the Complaint states:

> Michael Lustgarten "(Mr. Lustgarten") is the ex-husband of Sokuntheary Vann ("Ms. Vann"), and they have a child together, named Gabriella, whom [sic] is 4 years old.  In 2010[,] Michael Lustgarten was awarded primary custody of Gabriella in T[exas], after which they moved to Boston[, Massachusetts].  In February 2012[,] Ms. Vann brought a case in Boston in [an] attempt to obtain primary custody of Gabriella.  In November 2012[,] this case was dismissed, and in April 2013[,] Ms. Vann was ordered to pay $24,801.11 in legal fees to Mr. Lustgarten's lawyers, Sally & Fitch [("Sally & Fitch")] (Exhibit A).  Ms. Vann's payments were determined to begin in May 2013.  Payments were not made, and as a result, Ms. Vann was jailed for contempt in August 2013 for 7 days, for failure to make any payments on this order.  In addition, the judge ordered Ms. Vann to pay the fees that had additionally accrued since the original order, for a total of $27,287.82 (Exhibit B) owed as of August 16, 2013.  Ms. Vann then filed for bankruptcy 2 weeks later.

(ECF 1 at ¶1.)

On October 10, 2013, the defendant filed an answer that admitted every allegation of ¶1 of the Complaint.  (*See* ECF No. 11, Ans. 1 ("Answer").  Her Answer included two special defenses:  the plaintiff is not one of the defendant's creditors, and the Legal Fees were not incurred during the course of a divorce or separation.  (*See id.* at p.2.)  On October 10, 2013, the defendant also filed a motion to dismiss the adversary proceeding (*see* ECF No. 10), which was denied on October 29, 2013.  (*See* ECF No. 15, Order Denying Motion to Dismiss.)

A pretrial order entered November 14, 2103.  (*See* ECF No. 23, "PTO".)  Neither party filed a list of witnesses and exhibits in accordance with the PTO.  (*See id.* at ¶(2)(a)-(g).)  Nonetheless, the plaintiff and defendant appeared for the scheduled January 8, 2014 trial, and the court heard their arguments.  Among other things, the defendant asked for the opportunity to present evidence limited to her contention that she was unable to pay the Legal Fees, and that factor was a component of the § 523(a)(15) analysis.  As will be discussed, *infra* at 4-5, no evidence was necessary on that issue.

## Discussion

Under Federal Rule of Civil Procedure 8(e), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7008, "Pleadings must be construed so as to do justice." A *pro se* complaint is to "be liberally construed in [a plaintiff's] favor." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(*per curiam*); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (citing *Simmons*, 49 F.3d at 87)). Therefore, the court construes the plaintiff's "Motion to Identify the Debt Owed to Sally & Fitch as a Non-Dischargeable Debt Dated September 19, 2013" as a complaint filed under Bankruptcy Code § 523(a).

Standing

The defendant argues that the plaintiff does not have standing to bring this adversary proceeding because he is not a creditor of the defendant. "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *Picard v. JPMorgan Chase & Co., et al.*, 721 F.3d 54, 66 (2d Cir. 2013) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "'To have standing, '[a] plaintiff must [1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief.'" *Id.* (quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1091 (2d Cir. 1995) (alterations in original; further citation omitted)). A party may only "assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interest of third parties.'" *Id.* (quoting *Warth*, 422 U.S. at 499).

For purposes of determining the plaintiff's standing, the court turns to the Bankruptcy Code. Under the Code, a "creditor" means, *inter alia*, an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor . . . ." 11 U.S.C. § 101(1)(A). The term "claim" means, *inter alia*, a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, . . ., *contingent*, . . . , disputed, . . . ." § 101(5)(A) (emphasis added).

At the least, the plaintiff has a contingent claim against the defendant because if the defendant fails to pay the Legal Fees, as ordered by the Massachusetts family court

before the commencement of this case, Sally & Fitch will seek payment from plaintiff.[1] If the plaintiff makes such payments, he will have the right to payment (as reimbursement) from the defendant. The pleadings establish that the defendant has not paid the Legal Fees. (*See* Complaint ¶1; Answer ¶1.) Therefore, by definition, the plaintiff has a claim against defendant and has standing to bring this adversary proceeding.

§§ 523(a)(5) & (a)(15)

At the hearing, the court raised the possibility that dischargeability of the Legal Fees might be considered under § 523(a)(5) even though the Complaint referenced only § 523(a)(15). However, as will be discussed, below, such an analysis is not necessary.

Section 523(a)(15) of the Bankruptcy Code provides that a discharge under Chapter 7 "does not discharge an individual debtor from any debt . . . to a spouse [or] *former spouse*, . . . in the course of a divorce . . . or . . . divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(15) (emphasis added). In attempting to defeat the plaintiff's § 523(a)(15) cause of action, the defendant sought the opportunity to present evidence on her inability to pay the Legal Fees, asserting that it is part of the § 523(a)(15) analysis. (*See* Audio File of Jan. 8, 2014 Trial, ECF No. 29.) However, the debtor overlooked the amendment of that provision which eliminated the consideration of a debtor's ability to pay.

> Prior to BAPCPA, § 523(a)(15) permitted the discharge of non-support obligations owed to a former spouse under certain circumstances. Under the prior law, to discharge these debts, a court *was* required to determine that the debtor did not have the ability to repay the obligation, and that the discharge of the debt would yield a benefit to the debtor that outweighs the detriment of the discharge to the former spouse or child of the debtor. *Gilman v. Golio (In re Golio)*, 393 B.R. 56, 61 (Bankr.

---

[1] The Court notes that the plaintiff proffered that both he and his parents are making monthly payments to Sally & Fitch.

> E.D.N.Y. 2008).
>     However, *under BAPCPA, all debts owed to a spouse, former spouse, or child of a debtor are nondischargeable if incurred in the course of a divorce proceeding, notwithstanding the debtor's ability to pay the debt or the relative benefits and detriments to the parties.* "*In individual Chapter 7 and 11 cases 'the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship [such as an award of attorneys' fees] is of no practical consequence in determining the dischargeability of the debt . . .'*" *Id.* (*quoting* 4 Collier on Bankruptcy, ¶ 523.21 at 523-118 (Alan N. Resnick & Henry J. Sommers eds., 15th ed. Rev.))

*Tarone v. Tarone (In re Tarone)*, 434 B.R. 41, 48 (Bankr. E.D.N.Y. 2010) (emphasis added); *see also In re Rogowski*, 462 B.R. 435, 439 n.5 (Bankr. E.D.N.Y. 2011). BAPCPA became effective on October 17, 2005 and is applicable to all cases filed after that date, including this case. Accordingly, there is no need for this court to engage in the pre-BAPCPA balancing analysis relied upon by the defendant.

Moreover, the defendant's argument that the plaintiff is not entitled to a favorable § 523(a)(15) judgment because the Legal Fees were not incurred during a divorce proceeding is unpersuasive.[2] The defendant's reading of § 523(a)(15) is too myopic. Section 523(a)(15) is broader than the defendant alleges because it addresses debt that is incurred "in the course of a divorce or separation *or in connection with* a separation agreement, divorce decree or *other order of a court of record*, . . ." § 523(a)(15) (emphasis added). The admission of all the allegations of ¶1 of the Complaint establishes that the defendant's attempt in the Massachuset *family* court to modify a Texas court custody order regarding the parties' daughter falls within the ambit

---

[2] The court notes that, in the context of arguing § 523(a)(15) is not applicable in this case, the defendant did not argue that the Legal Fees are not a debt due the plaintiff as a former spouse. Rather, that argument was made in the context of defendant's "special defense" regarding standing. (*See* Answer, "Special Defenses", ¶1.) In any event, case law makes clear that legal fees ordered to be paid directly to a former spouse's attorney is considered a debt to the former spouse for purposes of § 523(a)(15). *See, e.g., Tarone*, 434 B.R. at 49; *Golio*, 393 B.R. at 63. Therefore, the court need not address this issue.

of a former marital relationship. It is indisputable that the parties' custody fight, the defendant's subsequent attempt to change the awarded custody, and the consequential Legal Fees were within the scope of the plaintiff's and defendant's litigious divorce and, therefore, § 523(a)(15). *See, e.g., Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9 (2d Cir. 1981) ("well-settled principle of bankruptcy law [is] that dischargeability must be determined by the substance of the liability rather than its form."); *see also Golio*, 393 B.R. at 63 (post-BAPCPA case quoting *Spong*).

The party objecting to the discharge of a debt bears the burden of proof by a preponderance of the evidence that the requirements of the relevant subsection, here § 523(a)(15), have been satisfied. *See* Fed. R. Bank. P. 4005; *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *In re Pierce*, 323 B.R. 21, 27 (Bankr. D. Conn.2005). As noted, *supra* at 2, the defendant admitted all of the allegations of ¶1 of the Complaint. Therefore, the plaintiff has met his burden of proof.

## IV. Conclusion

FOR THE FOREGOING REASONS, IT IS ORDERED that the Legal Fees are non-dischargeable, and judgment shall enter in plaintiff's favor.

This Memorandum of Decision constitutes the court's findings of facts and conclusions of law in accordance with Federal Rule of Civil Procedure 52, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7052.

Dated this 6th day of February 2014 at Bridgeport, Connecticut.

By the court

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge